UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01066

FRED NEKOUEE, individually,      :
                                                           :
             Plaintiff,            :
                                                           :
vs.                                                                   :
                                                                :
NATIONAL RETAIL PROPERTIES, LP, a     :
Delaware limited partnership;                           :
                                                                  :
and                                                                     :
                                                                    :
BEST BUY CO., INC., a Minnesota              :
corporation;                                                          :
                                                                    :
             Defendants.         :
_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, as a mobility impaired individual (sometimes referred to as "Plaintiff"), hereby sues the Defendants, NATIONAL RETAIL PROPERTIES, LP, a Delaware limited partnership; and BEST BUY CO., INC., a Minnesota corporation (sometimes referred to as "Defendants"); for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2. Defendant NATIONAL RETAIL PROPERTIES, LP owns the property with an address of 4040 S. College Avenue, Fort Collins, CO 80525, in Larimer County ("Property").

3. Defendant BEST BUY CO., INC. operates the Best Buy store at the Property with an address of 4040 S. College Avenue, Fort Collins, CO 80525 ("Best Buy").

4. Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the Property. The Defendants' Property and Best Buy are located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Defendants each own, lease, lease to, or operate a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(E), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

7. The Property is a place of public accommodation.

8. Best Buy is a sales establishment.

9. Best Buy is a place of public accommodation.

10. Defendants are each responsible for complying with the obligations of the ADA.

11. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Fred Nekouee has progressive multiple sclerosis, weak limbs, and requires the use of a wheelchair for mobility.

12. Mr. Nekouee travels to the Longmont-Firestone-Boulder area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

13. On his way to the mountains and sight-seeing, Fred Nekouee visited the Property

and Best Buy that form the basis of this lawsuit on October 1, 2019; February 4, 2019; May 10, 2019; and March 4, 2020; and he bought goods and sought to avail himself of the goods and services at Property and Best Buy on such dates.

14. Fred Nekouee attended a heavy equipment auction in the Longmont area on October 3, 2018; May 8, 2019; October 2, 2019; and March 4, 2020.

15. Fred Nekouee visited Rocky Mountain National Park on October 2, 2018.

16. Fred Nekouee also visited the Longmont, Colorado area from February 3-7, 2019.

17. Fred Nekouee plans to return to the Property to avail himself of the goods and services offered to the public at Best Buy.

18. The Plaintiff has definite plans to return to the area and to the Property and Best Buy in late September, early October 2020.

19. The Property and Best Buy are on the way from the heavy equipment auction and dealerships he visits to the mountains and sight-seeing.

20. The Plaintiff likes the broad range of electronics and accessories for sale at Best Buy.

21. The Plaintiff plans to return to Best Buy to shop.

22. For the reasons set forth in paragraphs 12-21 and 33, Fred Nekouee plans to return to the Property and to Best Buy.

23. The Plaintiff has encountered architectural barriers at the Property and at Best Buy.

24. The barriers to access that the Plaintiff encountered at the Property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access Best Buy, and have impaired his use of the restrooms in Best Buy.

25. The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not

nearly flat.

26. The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

27. Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

28. On his visit to the Property, the Plaintiff encountered excessively steep slopes in its parking lot.

29. In the parking lot in front of Best Buy the parking spaces for disabled patrons have running slopes steeper than 1:48 and steeper than 3.1%.

30. The Plaintiff encountered and observed barriers to access in the men's restroom in Best Buy; and so, he also tried to use the women's restroom in Best Buy, in which women's restroom he also encountered and observed barriers to access.

31. The Plaintiff is deterred from visiting the Property even though he enjoys its goods, because of the difficulties he will experience there until the Property is made accessible to him in a wheelchair.

32. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the Property as described but not necessarily limited to the allegations in paragraph 39 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

33. Fred Nekouee desires to visit the Property not only to avail himself of the goods and services available at the Property but to assure himself that the Property is in compliance with

the ADA so that he and others similarly situated will have full and equal enjoyment of Property without fear of discrimination.

34. The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

35. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

36. Physical conditions that exist at the Property are accurately described in each romanette "(i)" in each lettered subparagraph of paragraph 39 below

37. Preliminary inspections of the Property show that violations of the ADA exist as set forth in paragraph 39 below.

38. The violations of the ADA that Fred Nekouee personally encountered or observed at the Property include, but are not limited to, those set forth in paragraph 39 below.

39. At the Property:

**PARKING**

a. (i) In the parking lot, there is no access aisle for the parking spaces for disabled patrons in front of Best Buy, shown in the photograph below. (ii) There is no access aisle for these accessible parking spaces, in violation of Federal Law 2010; ADAAG §§ 502.1 and 502.3.3. (iii) Due to the lack of an access aisle, the Plaintiff had difficulty unloading from and loading back into his vehicle when his vehicle was parked in these spaces. (iv) The action required to stripe the area next to these spaces to provide an access aisle is easily

accomplishable and able to be carried out without much difficulty or expense.



b. (i) In the parking lot in front of Best Buy, the parking space for disabled patrons shown in the photograph below has a cross slope steeper than 1:48 and steeper than 3.1%. (ii) This parking space for disabled patrons has a cross slope steeper than 1:48 and steeper than 3.1%, in violation of Federal Law 2010; ADAAG § 502.4. (iii) The Plaintiff encountered this slope while in his wheelchair, and it made his wheelchair unstable. (iv) The action required to reduce the slope of this parking space is easily accomplishable and able to be carried out without much difficulty or expense.



c.   (i) In the parking lot in front of Best Buy, the parking space for disabled patrons shown in the foreground of the photograph below has a cross slope that is steeper than 1:48 and that is steeper than 3.1%.   (ii) The cross slope of this parking space for disabled patrons is steeper than 1:48 and is as steep as about 4%, in violation of Federal Law 2010; ADAAG § 502.4.   (iii) While in his wheelchair, the cross slope of this parking space made the Plaintiff's wheelchair unstable.   (iv) The action required to reduce the cross slope of this parking space is easily accomplishable and able to be carried out without much difficulty or expense.



d. (i) The cross slope of the walking surface to the left of the entrance to Best Buy oriented as one faces such entrance, has a cross slope that is steeper than 1:48 and that is steeper than 3.1%. (ii) The cross slope of this walking surface is steeper than 1:48 and is as steep as about 6%, in violation of Federal Law 2010; ADAAG § 403.3. (iii) Due to the slope of this walking surface, the Plaintiff's wheelchair slipped sideways as he was moving on this walking surface in his wheelchair. (iv) The action required to reduce the cross slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

  e. (i) The cross slope of the walking surface to the right of the entrance to Best Buy oriented as one faces such entrance, has a cross slope tht is steeper than 1:48 and that is steeper than 3.1%.  (ii) The cross slope of this walking surface is steeper than 1:48 and is as steep as about 5%, in violation of Federal Law 2010; ADAAG § 403.3.  (iii) Due to the slope of this walking surface, the Plaintiff's wheelchair slipped sideways as he was moving on this walking surface in his wheelchair.  (iv) The action required to reduce the cross slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.

  f. (i) The running slope of the access ramp to the entrance to Best Buy is steeper than 1:12 and is steeper than 9.4%.  (ii) The running slope of this access ramp is steeper than 1:12 and is as steep as about 12% to 13%, in violation of Federal Law 2010; ADAAG § 405.2.  (iii) Due to the running slope of this access ramp, the Plaintiff required assistance to safely move up and down this ramp in his wheelchair.  (iv) The action required to reduce the running slope of this access ramp is easily accomplishable and able to be carried out without much difficulty or expense.

  g. (i) To the left of the entrance to Best Buy as one faces such entrance, the curb ramp flare is steeper than 1:10 and is steeper than 1:12.  (ii) This curb ramp flare is steeper than 1:10 and is steeper than 1:12 and is as steep as about 14%, in violation of Federal Law 2010; ADAAG § 406.3.  (iii) Due to the slope of this curb ramp flare, the Plaintiff required assistance while moving in his wheelchair to avoid tipping his wheelchair, and this slope made his wheelchair unstable.  (iv) The action required to reduce the slope of this access ramp is easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN BEST BUY**

h.   (i) The force needed to open the entrance door to the men's restroom in Best Buy is greater than 5 pounds.  (ii) The force needed to open the entrance door to the men's restroom in Best Buy is about 9 pounds and more than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.  (iii) Due to the force necessary to open this door, the Plaintiff had difficulty opening this door to enter the men's restroom in Best Buy.  (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

i.   (i) The time for the door to the men's restroom in Best Buy to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds.  (ii) The time for this door to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds and is only about 3 seconds, in violation of Federal Law 2010; ADAAG § 404.2.8.1.  (iii) Due to the short closing time of this door, this door closed on the Plaintiff's wheelchair before he could move through this doorway.  (iv) The action required to adjust the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

j.   (i) In the men's restroom in Best Buy, a door pull is not provided on both sides of the door near the latch to the accessible toilet compartment.  (ii) A door pull is not provided on both sides of the door near the latch to the accessible toilet compartment, in violation of Federal Law 2010, ADAAG § 604.8.1.2.  (iii) Due to the lack of a door pull on both sides of the door to the accessible toilet compartment, the Plaintiff had difficulty

operating the door.   (iv) The action required to install a door pull on both sides of the door is easily accomplishable and able to be carried out without much difficulty or expense.

    k.   (i) In the men's restroom in Best Buy, the space between the bottom of the side wall grab bar and the top of the toilet paper dispenser below it is less than 1.5 inches.   (ii) the space between the bottom of the side wall grab bar and the top of the toilet paper dispenser below it is less than 1.5 inches and is only about 1 inch, in violation of Federal Law 2010; ADAAG § 609.3.   (iii) Due to the lack of space between this side wall grab bar and the toilet paper dispenser, the Plaintiff had difficulty using the side wall grab bar to transfer himself from his wheelchair to the toilet and back again.   (iv) The action required to relocate or to replace the toilet paper dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

    l.   (i) In the men's restroom in Best Buy, the counter surface of the sinks is higher than 34 inches above the floor.   (ii) The counter surface of these sinks is higher than 34 inches above the finish floor and is about 36.5 inches above the finish floor, in violation of Federal Law 2010; ADAAG § 606.3.   (iii) Due to the height of the counter surface for these sinks, the Plaintiff had difficulty using the sink.   (iv) The action required to reduce the height of the counter surface of these sinks is easily accomplishable and able to be carried out without much difficulty or expense.

    m.   (i) In the men's restroom in Best Buy, the space between the top surface of the side wall grab bar and the toilet seat cover dispenser above it is less than 12 inches.   (ii) The space between the top surface of this side wall grab bar and the toilet seat cover dispenser above it is less than 12 inches and is only about 7 inches, in violation of Federal Law 2010; ADAAG § 609.3.   (iii) Due to the lack of adequate space between this side

wall grab bar and the toilet seat cover dispenser, the Plaintiff had even more difficulty using this side wall grab bar to help transfer himself from his wheelchair to the toilet and back again.   (iv) The action required to relocate this toilet seat cover dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

    n.   (i) In the men's restroom in Best Buy, the centerline of the where the toilet paper is dispensed from the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of where the toilet paper is dispensed from the toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of where toilet paper is dispensed, the Plaintiff could not reach toilet paper from this dispenser from a normal sitting position on the toilet.   (iv) The action required to install a dispenser so that the centerline of where the toilet paper is dispensed is between 7 and 9 inches from the front of the toilet is easily accomplishable and able to be carried out without much difficulty or expense.

    o.   (i) In the men's restroom in Best Buy, the levers to operate both of the paper towel dispensers are higher than 48 inches above the floor.   (ii) The levers to operate both of the paper towel dispensers are higher than 48 inches above the finish floor, and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.1.   (iii) Due to the height of these levers above the floor, the Plaintiff tried but could not operate these levers from his wheelchair to obtain a paper towel on his own.   (iv) The action required to relocate these paper towel dispensers is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN BEST BUY**

p. (i) The force needed to open the entrance door to the women's restroom in Best Buy is greater than 5 pounds. (ii) The force needed to open the entrance door to the women's restroom in Best Buy is about 8 pounds and more than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. (iii) Due to the force necessary to open this door, the Plaintiff had difficulty opening this door to enter the women's restroom in Best Buy. (iv) The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

q. (i) The time for the door to the women's restroom in Best Buy to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds. (ii) The time for this door to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds and is only about 3 seconds, in violation of Federal Law 2010; ADAAG § 404.2.8.1. (iii) Due to the short closing time of this door, this door closed on the Plaintiff's wheelchair before he could move through this doorway. (iv) The action required to adjust the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

r. (i) In the women's restroom in Best Buy, the door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is less than 18 inches. (ii) Due to the location of the wall-mounted paper towel dispenser, this door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is less than 18 inches and is only about 7 inches, in violation of Federal Law 2010; ADAAG

§ 404.2.4.  (iii) Due to this lack of pull side maneuvering clearance, the Plaintiff required assistance to exit this restroom in his wheelchair.  (iv) The action required to relocate this paper towel dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

    s.   (i) In the women's restroom in Best Buy, a door pull is not provided on both sides of the door near the latch to the accessible toilet compartment.  (ii) A door pull is not provided on both sides of the door near the latch to the accessible toilet compartment, in violation of Federal Law 2010, ADAAG § 604.8.1.2.  (iii) Due to the lack of a door pull on both sides of the door to the accessible toilet compartment, the Plaintiff had difficulty operating the door.  (iv) The action required to install a door pull on both sides of the door is easily accomplishable and able to be carried out without much difficulty or expense.

    t.   (i) In the women's restroom in Best Buy, the counter surface of the sinks is higher than 34 inches above the floor.  (ii) The counter surface of these sinks is higher than 34 inches above the finish floor and is about 36 inches above the finish floor, in violation of Federal Law 2010; ADAAG § 606.3.  (iii) Due to the height of the counter surface for these sinks, the Plaintiff had difficulty using the sink.  (iv) The action required to reduce the height of the counter surface of these sinks is easily accomplishable and able to be carried out without much difficulty or expense.

    u.   (i) In the women's restroom in Best Buy, the space between the top surface of the side wall grab bar and the toilet seat cover dispenser above it is less than 12 inches.  (ii) The space between the top surface of this side wall grab bar and the toilet seat cover dispenser above it is less than 12 inches and is only about 5 inches, in violation of Federal Law 2010; ADAAG § 609.3.  (iii) Due to the lack of adequate space between this side

wall grab bar and the toilet seat cover dispenser, the Plaintiff had difficulty using this side wall grab bar to help transfer himself from his wheelchair to the toilet and back again.   (iv) The action required to relocate this toilet seat cover dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

v.   (i) In the women's restroom in Best Buy, the space between the top surface of the rear wall grab bar and the toilet seat cover dispenser above it is less than 12 inches.   (ii) The space between the top surface of this rear wall grab bar and the toilet seat cover dispenser above it is less than 12 inches and is only about 6 inches, in violation of Federal Law 2010; ADAAG § 609.3.   (iii) Due to the lack of adequate space between this rear wall grab bar and the toilet seat cover dispenser, the Plaintiff had difficulty using this rear wall grab bar to help transfer himself from his wheelchair to the toilet.   (iv) The action required to relocate this toilet seat cover dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

w.   (i) In the women's restroom in Best Buy, the centerline of the where the toilet paper is dispensed from the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of where the toilet paper is dispensed from the toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of where toilet paper is dispensed, the Plaintiff could not reach toilet paper from this dispenser from a normal sitting position on the toilet.   (iv) The action required to install a dispenser so that the centerline of where the toilet paper is dispensed is between 7 and 9 inches from the front of the toilet is easily accomplishable and able to be carried out without much difficulty or expense.

      x.      (i) In the women's restroom in Best Buy, the levers to operate both of the paper towel dispensers are higher than 48 inches above the floor.  (ii) The levers to operate both of the paper towel dispensers are higher than 48 inches above the finish floor, and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.1.  (iii) Due to the height of these levers above the floor, the Plaintiff tried but could not operate these levers from his wheelchair to obtain a paper towel on his own.  (iv) The action required to relocate these paper towel dispensers is easily accomplishable and able to be carried out without much difficulty or expense.

40.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

41.    The discriminatory violations described in paragraph 39 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure areas to which barriers prevented his access.

42.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

43.    Defendants have discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

44. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

45. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

46. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

47. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR

36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

48.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

49.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Property, Best Buy, and the parking lot, access aisles and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendants are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792; Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*